# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

VICTORIA YOUMAN,

    Plaintiff,

v.                                                Case No: 5:19-cv-613-JSM-PRL

DOLLAR TREE STORES INC., d/b/a
FAMILY DOLLAR and CRISTINA
HENRY,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand Matter to State Court (Dkt. 5) and Defendant Dollar Tree Stores, Inc.'s Response in Opposition (Dkt. 7). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted because complete diversity of citizenship is not present.

## BACKGROUND

Plaintiff Victoria Youman slipped and fell at a Family Dollar store. On October 15, 2019, she filed her initial complaint in the Fifth Judicial Circuit, in and for Marion County, Florida, against Defendant Dollar Tree Stores, Inc. d/b/a Family Dollar. On or about November 26, 2019, after she had investigated the facts surrounding the incident further, Youman filed her amended complaint in state court, naming Defendant Cristina Henry. The amended complaint alleges that Henry was the store manager of the Family Dollar store at the time Youman fell. The amended complaint includes a negligence claim

against Henry based on her alleged duty to provide a reasonably safe environment, including the duty to inspect and maintain the store to protect customers from reasonably foreseeable injuries.

On December 2, 2019, after Youman filed her amended complaint, Defendant Dollar Tree Stores removed the case to this Court, alleging diversity jurisdiction. Dollar Tree Stores states in the notice of removal that the parties are diverse because Youman is a citizen of Florida and Dollar Tree Stores is a citizen of Virginia.

Now, Youman moves to remand the case because the parties are not completely diverse. Specifically, Henry is a citizen of Florida. In its response, Dollar Tree Stores argues that the Court should disregard Henry's citizenship because Henry was fraudulently joined to defeat diversity jurisdiction. As explained further below, the Court disagrees with Dollar Tree Stores' position.

## **DISCUSSION**

Where the alleged basis for federal jurisdiction is diversity, the removing defendant has the burden of demonstrating (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a); *see McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 179, 189 (1936) (holding that the party who seeks federal jurisdiction must establish jurisdictional facts). Complete diversity does not exist if a single plaintiff is a citizen of the same state as a single defendant. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005).

The burden is "a heavy one" to establish that a defendant was fraudulently joined in order to defeat diversity jurisdiction. *See Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1380 (11th Cir. 1998). The defendant must show that there is "no possibility" that the

plaintiff would be able to establish a claim against the non-diverse defendant in state court. *See Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). In determining whether there is "no possibility," the court must not weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. *Tran v. Waste Mgmt., Inc.,* 290 F. Supp. 2d 1286, 1293 (M.D. Fla. 2003). "In other words, a ... court's authority to look into the ultimate merits of the plaintiff's claims must be limited to checking for *obviously fraudulent or frivolous claims*." *Id.* (quotations omitted) (emphasis in original). "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court .... The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs,* 154 F.3d at 1287 (internal citations omitted) (emphasis in original).

Dollar Tree Stores has not met its "heavy burden" to establish that Youman's negligence claim against Henry is obviously fraudulent or frivolous. A complaint sufficiently states a negligence claim against a store manager with allegations that she "was directly responsible for carrying out certain responsibilities; that [s]he negligently failed to do so; and that, as a result, [plaintiff] was injured." *Kuan v. Wal-Mart Stores, Inc.*, No. 8:17-CV-1147-T-27AAS, 2017 WL 10294836, at *1–*2 (M.D. Fla. May 25, 2017) (citing *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005)). Moreover, it is possible for a store manager "in possession and control of the premises" to be held personally liable "for failing to exercise ordinary care to prevent customers from being harmed by a known, dangerous condition." *Id.* (citing *McElveen ex rel. McElveen*

*v. Peeler*, 544 So. 2d 270, 272 (Fla. Dist. Ct. App. 1989)).

In sum, viewing the allegations in a light most favorable to Youman, she has stated "a possibility" of a negligence claim against Henry. Accordingly, Dollar Tree Stores has not established that Henry was fraudulently joined and this action will be remanded to state court. However, the Court declines to award Youman her fees and costs associated with moving to remand.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand Matter to State Court (Dkt. 5) is granted to the extent explained herein.

2. The Clerk is directed to remand this action to the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, and provide that court with a copy of this Order.

3. The Clerk is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of January, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record